## A00A0492. HUNT v. THE STATE.
### (533 SE2d 95)

PHIPPS, Judge.

Danny Hunt was charged with two counts of cruelty to children based on allegations that he maliciously caused two-month-old Jordan Berry excessive physical pain by deliberately breaking her arm

and by failing to seek medical attention for her afterward. In this appeal of his convictions, he challenges the sufficiency of the evidence.

Although Hunt is not Jordan's father, he was engaged to marry her mother, Jillian Berry, and lived with the mother and helped her care for the child. Shortly before Hunt and Berry were married, she noticed that her daughter was not using her left arm and that the arm was limp. When she asked Hunt if he knew why, he responded that Jordan had probably slept on it the wrong way. When Jordan began using the arm a day or two later, Berry thought nothing more of it. But after she and Hunt returned from their honeymoon, they attended a wedding shower where a nurse observed Jordan and commented that she thought her arm might be broken. Again, Berry asked Hunt how it might have happened, and he said he did not know.

The next day, Jordan was taken to the hospital and was diagnosed with a fractured humerus in her left arm. At the hospital, Hunt was questioned by Department of Family & Children Services (DFACS) Investigator Gillette and Dade County Sheriff's Department Investigator Hicks. Hunt acknowledged that he had noticed something wrong with the child's arm but again attributed it to her sleeping on it.

Later, DFACS workers called Hunt and Berry's home to inform them that it had been determined that Jordan also had a fractured rib. Upon being interviewed again by Investigator Hicks, Hunt gave a taped statement in which he admitted that he had caused the injury to the child's arm. Hunt told the investigator that when he was alone with Jordan, he had become frustrated, grabbed her arm, pushed it downward in a twisting motion, and then heard a bone break. But Hunt also stated that when Jordan began using her arm again, he decided she was not injured.

Hunt has since recanted his pretrial statement to police. At trial he claimed that he made the statement only because he and Berry had been threatened with loss of custody of the child. He said he had been promised that if he admitted causing the child's injury he would be provided counseling and would not be arrested. Hicks, however, testified that Hunt's statement was induced by neither threats nor promises, and Berry testified that after Hunt was arrested, he called her and again admitted that he had caused the injury to the child's arm.

The weight to be given Hunt's pretrial incriminatory statements was for the jury to decide.[1] Viewed in a light most favorable to the

---

[1] See *Simmons v. State*, 236 Ga. App. 83, 85 (1) (510 SE2d 925) (1999).

verdict, the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Hunt acted maliciously in breaking the child's arm and failing to seek medical attention for her injury.[2]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 2000.

H. Robert Hannah III, *for appellant.*

Herbert E. Franklin, Jr., District Attorney, John L. O'Dell, Assistant District Attorney, *for appellee.*